UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY O'BRYAN,

    Plaintiff,                                  CASE NO. 06-CV-12253

v.                                          DISTRICT JUDGE DENISE PAGE HOOD

MULTIPLE UNKNOWN AGENTS OF
THE FEDERAL BUREAU OF PRISONS,
in their individual capacities,

    Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

       This matter is before the Court on Magistrate Judge Charles Binder's Report and Recommendation dated June 20, 2007. On May 18, 2006, Plaintiff filed a *pro se* prisoner civil rights suit. On June 20, 2007, Magistrate Judge Charles Binder issued a Report and Recommendation recommending that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be vacated, and the application be denied, and that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case. Plaintiff filed Objections to the Magistrate's Report and Recommendation on June 27, 2007.

**II. STANDARD OF REVIEW**

       The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo

1

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The Prison Litigation Reform Act ("PLRA") contains the "three strikes provision" applicable to this matter, providing:

> In no event shall a prisoner bring a civil action...under this section if the prisoner has, on **3 or more prior occasions**, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States **that was dismissed o the grounds that it is frivolous,** malicious, or **fails to state a claim upon which relief may be granted**, unless the petitioner is under imminent danger of serious bodily injury.
> 28 U.S.C. §1915(g) (emphasis added).

The Magistrate Judge correctly notes that it is the District Court's procedure to screen all prisoner complaints for satisfaction of "three strikes," immediately upon filing, so as to not expend valuable resources on a case where the court has no authority to act. If three strikes are found, the court must then deny the plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. The only exception is where the prisoner claims that he is under threat of serious harm, which the Magistrate noted the Plaintiff had not alleged; this Court agrees.

This Court agrees with the Magistrate Judge's findings that Plaintiff has had "three strikes" as set forth in §1915(g). Plaintiff contests the inclusion of *O'Bryan v. United States* (Case No. 98-cv-03287) (D. Kan.) as a "strike" under §1915(g). He does not dispute the Magistrate Judge's finding that he has accumulated at least two other "strikes" under §1915(g). Plaintiff argues in his Objections that *O'Bryan v. United States* cannot be counted as a strike because he *intended* to bring a *habeas corpus* claim, but due to a lack of legal assistance, he mistakenly brought a civil §1983 action.

This Court agrees with the Magistrate Judge that this argument is without merit. A review of the pleadings reveals that the case Plaintiff contests was clearly brought pursuant to 42 U.S.C. §1983.

Accordingly,

IT IS ORDERED that the Report and Recommendation [**Docket No. 15**] of Magistrate Judge Charles Binder dated June 20, 2007 is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be vacated, and the application be DENIED.

IT IS FURTHER ORDERED that Plaintiff be given 30 days from date of this Order to submit the entire filing fee or suffer dismissal without prejudice of his case.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Kerry O'Bryan, Reg. No. 08486-031, Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160 on January 16, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager