UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY DEVIN O'BRYAN,

    Plaintiff,

CASE NO. 06-12253
HONORABLE DENISE PAGE HOOD

v.

MULTIPLE UNKNOWN AGENTS OF
THE FEDERAL BUREAU OF PRISONS,
in their individual capacities,

    Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Relief from this Court's Order issued on January 16, 2008. [Docket No. 37]. On June 20, 2007 Magistrate Judge Charles Binder entered a Report and Recommendation in which he recommended that Plaintiff's complaint be dismissed pursuant to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). [Docket No. 31]. This Court accepted and adopted the Magistrate Judge's Report and Recommendation on January 16, 2008 [Docket No. 36], and required Plaintiff to pay the filing fees within 30 days of the Order. Plaintiff instead filed the present Motion for Relief from this Court's Judgment of 1/16/08, pursuant to Fed. R. Civ. P. 60(b).

**II. APPLICABLE LAW & ANALYSIS**

The Prison Litigation Reform Act ("PLRA") contains the "three strikes provision" applicable to this matter, providing:

> In no event shall a prisoner bring a civil action...under this section if the prisoner has, on **3 or more prior occasions**, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States **that was dismissed on the grounds that it is frivolous,** malicious, or **fails to state a claim upon which relief may be granted**, unless the petitioner is under imminent danger of serious bodily injury.
> 28 U.S.C. §1915(g) (emphasis added).

It is the District Court's procedure to screen all prisoner complaints for satisfaction of "three strikes," immediately upon filing, so as to not expend valuable resources on a case where the court has no authority to act. If three strikes are found, the court must then deny the plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. The only exception is where the prisoner claims that he is under threat of serious harm, which the the Plaintiff had not alleged.

Plaintiff asserts that one of his prior cases, Case No. 98-03278-GTV, filed in the District of Kansas, cannot be considered a strike under the PLRA because, at the time he filed the case, he was unschooled in the law and had no access to a law library. (*See* Pl. Mot. For Stay, at ¶ 6). Plaintiff contends that this amounts to a denial of his right to meaningful access to the courts, citing *Bounds v. Smith*, 430 U.S. 817 (1977). Defendants assert that Plaintiff should have asserted the challenge to the decision long ago, and as it was not appealed it should not be disturbed for reasons of res judicata.

This Court agrees with Plaintiff's assertion that he is in not attempting to collaterally attack the judgment of the Kansas Court, but is simply attacking its classification as "frivolous" under 28 U.S.C. §1915(g). "Courts have held that § 1915(g) does not alter the merits of the underlying actions to the extent that § 1915(g) does attach additional consequences to past actions, moreover, those consequences are not matters of substance, but only of the procedure

required to pursue future claims." *Williams v. Yaklich*, 148 F. 3d 596, 603 (6th Cir. 1998).

While this Court agrees that it has the power to decide the § 1915(g) three strikes issue, it continues to hold that Plaintiff has exhausted his three strikes, and must therefore pay the required filing fees as per the Court's January 16, 2008 Order. Plaintiff's filing of a §1983 claim, rather than a petition for habeas corpus, forced the Kansas District Court to expend time and resources to dismiss the case due to it failing to state grounds for which relief can be granted. As such, Plaintiff has filed three prior frivolous lawsuits under 28 U.S.C. §1915(g) and *in forma pauperis* status will not be granted. The case is dismissed without prejudice, subject to reopening upon payment of the proper fees by Plaintiff.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Relief from This Court's Judgment of 1/16/08 [**Docket No. 37**] is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Stay of Judgment Pending Decision on Plaintiff's Rule 60(b) Motion [**Docket No. 38**] is MOOT.

IT IS FURTHER ORDERED that the Case is DISMISSED WITHOUT PREJUDICE, subject to reopening pending Plaintiff's payment of court filing fees..

                                              S/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: March 24, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Kerry D. O'Bryan, Reg. No. 08486-031, Milan Federal Correctional Institution, P. O. Box 1000, Milan, Michigan 48160 on March 24, 2008, by electronic and/or ordinary mail.

                                              S/William F. Lewis
                                              Case Manager