UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY O'BRYAN,

    *Plaintiff,*

v.

MULTIPLE UNKNOWN AGENTS OF
THE FEDERAL BUREAU OF PRISONS,

    *Defendants.*
_____/

CASE NO. 06-CV-12253

DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 42 U.S.C. § 1997e(c)(1)**

I.   **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.[1]

II.   **REPORT**

   A.   **Procedural History**

On May 18, 2006, Plaintiff Kerry O'Bryan filed a *pro se* prisoner civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971),[2] alleging that in July 2005 several agents of the Federal

---

[1]In the event that this Report and Recommendation is adopted, Plaintiff's Motion Requesting Settlement Conference (Doc. 53) will be moot.

[2]A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

Bureau of Prisons violated his First Amendment rights by opening and inspecting his legal mail outside of his presence. (Compl., Doc. 1.)

On March 19, 2007, U.S. District Judge Denise Page Hood referred the case to the undersigned magistrate judge for purposes of conducting all pretrial proceedings. (Doc. 17.) On June 20, 2007, the undersigned issued a Report and Recommendation suggesting that the Prison Litigation Reform Act's three strikes rule, 28 U.S.C. § 1915(g), applied to Plaintiff, barred him from proceeding *in forma pauperis*, and precluded this Court from addressing the merits of the complaint. (Doc. 31.) Judge Hood adopted the recommendation on January 16, 2008, and gave Plaintiff 30 days to pay the filing fee. (Doc. 36.)

Plaintiff was unable to pay the fee and instead filed a motion for relief from the Court's order to pay the filing fee. (Doc. 37.) Judge Hood denied Plaintiff's motion for relief and dismissed the case without prejudice. (Doc. 42.) Judgment was entered on March 24, 2008, stating that the "complaint is **DISMISSED** for failure to pay the proper filing fees." (Doc. 43 at 1.)

More than three years later, on December 14, 2011, Plaintiff paid the filing fee in full (Doc. 46) and submitted an amended complaint. (Doc. 47.) On December 27, 2011, Plaintiff filed a motion for relief from judgment, seeking to have the case reopened because the filing fee had been paid. (Doc. 48.) On May 21, 2012, Judge Hood granted the motion for relief from judgment and reopened the case. (Doc. 51.) On June 1, 2012, the case was referred to the undersigned magistrate judge for pretrial case management. (Doc. 54.)

After screening the case pursuant to 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.     Analysis and Conclusion**

Federal law provides that:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1). The U.S. Supreme Court has held that "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Id*.

Federal courts apply state personal injury statutes of limitations to claims brought under § 1983 as well as *Bivens* actions. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). For civil rights suits filed in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44-45 (6th Cir. 1986). Although statutes of limitations are governed by state law, the question of when civil rights claims accrue remains one of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

In this case, Plaintiff's complaint clearly reveals that he knew or had reason to know in 2005 of the injury that is the basis of the action. (*See* Compl., Doc. 1 at 11 (grievance dated July 27, 2005).) Accordingly, the 3-year statute of limitations on his claim expired in 2008.

Plaintiff originally filed this suit in 2006, well within the statute of limitations, but it was dismissed without prejudice in 2008. (Doc. 42.) A dismissal without prejudice, however, does not toll the statute of limitations. *Frasca v. U.S.*, 921 F.2d 450, 451 (2d Cir. 1990) ("the filing of a complaint does not toll the applicable statute of limitations beyond the 120-day period for service" provided by the Rule 4); *Cardio-Medical Associates, Ltd. v. Crozer-Chester Med. Cntr.*, 721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed."); *Curtis v. United Transp. Union*, 648 F.2d 492, 495 (8th Cir. 1981) (same). For this reason, this district's standard order instructing a plaintiff to pay the filing fee within 30 days includes the warning that if a case "is dismissed under these circumstances, it will not be reinstated even if Plaintiff subsequently pays the filing fee." (*See, e.g.*, Case No. 09-14490 at Doc. 2.)

Accordingly, I suggest that the case is barred by the statute of limitations, and I therefore recommend that the case be *sua sponte* dismissed for failure to state a claim pursuant to 42 U.S.C. § 1997e(c)(1).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

4

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
CHARLES E. BINDER
Dated: June 29, 2012                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Susan DeClercq, and served by first class mail on Kerry O'Bryan, #08486031, FCI Milan, P.O. Box 1000, Milan, MI, 48160.

Date: June 29, 2012                    By   s/*Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder