UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY O'BRYAN,

    Plaintiff,                                       Civil Action No. 06-12253
v.                                                HONORABLE DENISE PAGE HOOD

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## and
## ORDER DISMISSING ACTION

**I.    REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation filed June 29, 2012 [Doc. # 56]. Objections were filed by Plaintiff Kerry O'Bryan on July 11, 2012. A response to the Objections were filed by the Government on July 23, 2012.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). As Plaintiff filed the complaint *pro*

*se*, the Court will interpret his pleadings liberally. *Hughes v. Rowe*, 499 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

After review of the Magistrate Judge's Report and Recommendation, the Objections and response to the Objections, the Court finds that the Magistrate Judge's findings and conclusions of law are correct. The Court agrees with the Magistrate Judge that Michigan's personal injury three-year statute of limitations applies in this case. As noted by the Magistrate Judge the Court found that the three strikes provision under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) applied as to Plaintiff's Complaint and that Plaintiff was not allowed to proceed *in forma pauperis* and that Plaintiff must pay the filing fee in order to proceed with the action. (Order, Doc. No. 36) The Court thereafter dismissed the case on March 24, 2008 without prejudice for failure to pay the filing fee. (Order, Doc. No. 42) The Court further agrees with the Magistrate Judge that dismissing the action in March 2008 without prejudice for failure to pay the appropriate filing fee did not toll the statute of limitations as to the claims set forth in his May 18, 2006 Complaint. The May 18, 2006 Complaint allege facts of opening mail from July 1, 2004 to December 28, 2005. (Comp., Doc. No. 1, ¶¶ 1-17) The Court agrees with the Magistrate Judge that Plaintiff's claims expired in December 2008. Plaintiff has not shown that Michigan's tolling of the limitations statute is applicable since the March 2008 dismissal of the case was not appealed by Plaintiff. *See, Kalasho v. City of Eastpointe,* 66 Fed. Appx. 610, 611 (6th Cir. June 2, 2003)(Tolling under Michigan law extends to periods in which a dismissal without prejudice is pending on appeal.). The claims set forth in Plaintiff's May 18, 2006 Complaint are time-barred by the statute of limitations.

**II.    DECEMBER 27, 2011 AMENDED COMPLAINT**

Plaintiff argues in his Objections that because he filed an Amended Complaint on December

2

27, 2011 after he paid the filing fee in full (Am. Comp., Doc. No. 47), the statute of limitations is inapplicable as to the Amended Complaint. The Magistrate Judge did not address the claims in the Amended Complaint. However, because the Court dismissed the original Complaint on March 24, 2008, it appears that the Amended Complaint filed by Plaintiff does not conform to Rule 15(a) of the Rules of Civil Procedure, given that this Amended Complaint was filed five years since the original Complaint filed in 2006. Plaintiff did not request leave to file an Amended Complaint and has not shown that the Amended Complaint is a proper pleading. In any event, the Court addresses the claims set forth in the Amended Complaint below.

As noted above, any factual claims prior to December 2005 are time-barred, therefore, any allegations in the Amended Complaint as to acts occurring prior to December 2005 are time-barred.

Applying the three-year statute of limitations, Plaintiff's factual claims alleged through February 25, 2008 (Am. Comp., Doc. No. 47, ¶¶ 18-22) are time-barred since the Amended Complaint was filed on December 27, 2011 (dated December 22, 2011), more than three years from the February 25, 2008 date.

As to the factual allegations from 2009 until September 30, 2011 (Am. Comp., Doc. No. 47, ¶¶ 23-31) and even continuing through July 12, 2012 as alleged by Plaintiff in his Objections, Plaintiff argues that the "continuing violations doctrine" applies. However, courts have noted that the continuing violations doctrine was developed in the context of discrimination law and that courts have been reluctant to extend the doctrine to § 1983 cases. *See Hill v. Snyder,* 2011 WL 2788205, at *2 (E.D. Mich. July 15, 2011). Plaintiff has not shown that the continuing violations doctrine applies in this case, since this case is not an employment discrimination action.

The claims based on the factual allegations from 2009 until September 30, 2011 alleged in

3

the First Amended Complaint must be dismissed under Rule 12(b)(6) of the Rules of Civil Procedure. In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,*556 U.S. 662, 681 (2009). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S.

519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

Although Plaintiff named two Defendants in his Amended Complaint, Tracy Knutson and J. Walton, in addition to Multiple Unknown Agents of the Federal Bureau of Prisons, the factual allegations allege "Defendants" opened and inspected Plaintiff's various legal mail, without identifying a specific defendant with a specific act. The Amended Complaint fails to state factual allegations against the individual named Defendants specifying how these Defendants violated Plaintiff's constitutional rights, other than naming these two Defendants. As Plaintiff asserts in his Objections, he named these two Defendants "for the purpose of discovering the actual, and as yet unnamed defendants in this matter." (Obj., Doc. No. 64, ¶ 12)

Based on this admission, the claims against Defendants Knutson and Walton must be dismissed. *See Bondex Int'l Inc. v. Hartford Accident & Indem. Co.,* 667 F.3d 669, 681 (6th Cir. 2011)(declining to consider one theory of liability against a certain defendant because the complaint did not link that defendant to the relevant factual allegations other than referencing the misconduct of "all Defendants."). *See also, Howard v. City of Girard,* 346 F3d. Appx. 49, 51 (6th Cir. 2009). The Amended Complaint must be dismissed as to the named-Defendants Tracy Knutson and J. Walton for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

The "Multiple Unknown Agents of the Federal Bureau of Prisons" are dismissed without prejudice since Plaintiff failed to request a summons to serve these unknown defendants and failed to identify these unknown defendants within the 120 days requirement from the date the Amended Complaint was filed on December 27, 2011. See Fed. R. Civ. P. 4(m). The dismissal without prejudice means that Plaintiff may file a new action (not an amended complaint in this case) against

these Defendants once he identifies the unknown defendants. It is noted that any claims as to these unknown Defendants are subject to the three strikes provision under the P.L.R.A. and any applicable statute of limitations, as noted above.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 56)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED than Plaintiff's Objections **(Doc. No. 64)** are OVERRULED.

IT IS FURTHER ORDERED that the Orders of Reference referring certain motions and matters to the Magistrate Judge are RESCINDED.

IT IS FURTHER ORDERED that the Motion Requesting Settlement Conference **(Doc. No. 53)** is MOOT.

IT IS FURTHER ORDERED that the Motion to Compel **(Doc. No. 57)** is MOOT.

IT IS FURTHER ORDERED that the Motion to Strike Sur-Reply **(Doc. No. 69)** is MOOT.

IT IS FURTHER ORDERED that the Motion for Sanctions **(Doc. No. 74)** is MOOT.

IT IS FURTHER ORDERED that Defendants Tracy Knutson and J. Walton are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Multiple Unknown Agents of the Federal Bureau of Prisons are DISMISSED without prejudice.

Dated:  March 26, 2013            S/Denise Page Hood
                                  Denise Page Hood
                                  United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2013, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager